UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO R. MARTINEZ,

        Petitioner,

v.                                                       Case No. 10-C-220

MICHAEL THURMER,

        Respondent.

**ORDER**

On March 11, 2010, Antonio R. Martinez filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Racine County Circuit Court of two counts of attempted first degree intentional homicide, possession of a firearm by a felon, resisting an officer, and operating a firearm while intoxicated, and was sentenced to 35 years imprisonment and 20 years of extended supervision. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Martinez provides two grounds in support of his petition. First, he claims that the jury instructions given by the trial court regarding the attempted homicide charge permitted a

non-unanimous verdict against him in violation of due process. Martinez claims that the trial court gave only one instruction for both counts, and inserted the names of both victims with an "and/or." While the trial transcript is not attached to the petition, Martinez did include the decision of the Wisconsin Court of Appeals affirming the trial court's denial of his motion for postconviction relief. According to the appellate court, the trial court instructed the jury as follows:

> If you're satisfied beyond a reasonable doubt that the defendant intended to kill Richard Smetana and/or Nicholas Seeger, and the defendant's acts demonstrated unequivocally that the defendant intended to kill and would have killed Richard Smetana, and/or Nicholas Seeger except for the intervention of another person or some other extraneous factor, you should find the defendant guilty of attempted first degree homicide.

*State v. Martinez*, No. 2007AP2669-CR, 2009 WI App 21, ¶ 5, 2008 WL 5396880 (Dec. 30, 2008). The appellate court went on to quote further instruction the trial court gave on the attempted homicide counts:

> To explain to you here again, Counts 1 and 2 are the same crime charged but with respective different victims. So I've read the instruction once but the same language I just read applies to both Counts 1 and 2. The difference is that Count 1 has the name of victim Richard Smetana and Count 2 has the name of victim Nicholas Seeger.

*Id*.

The Seventh Circuit considered and rejected the same argument over a similar time-saving "and/or" instruction involving two victims of different counts of sexual assault in *Adams v. Morgan*, 86 F.3d 1158 (7th Cir. 1996) (unpublished decision). Like the trial court here, the instructions the court gave in *Adams* indicated that the instruction, while read only once, applied to the separate allegations. 86 F.3d 1158, at *4 ("The trial judge had explained, 'I'm only going to read the instruction on first degree sexual assault once, but it applies to the allegations as to each of the victims.'"). The Seventh Circuit also considered it worth noting that the jury was provided separate

2

verdict forms for the counts and that the judge instructed that each count charges a separate crime which must be considered separately. *Id*.

*Adams* is an unpublished order without precedential significance, but the court's reasoning is persuasive. Nevertheless, while this reasoning would support dismissing this claim at this stage, I am without the benefit of the trial transcript, making it difficult to consider the context in which the instruction was given. *See Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (federal courts scrutinizing jury instructions of the state courts under the Fourteenth Amendment must not consider the instructions in artificial isolation, but in the context of the whole charge). The claim will therefore be allowed to proceed.

The second ground for habeas relief provided in the petition is that because petitioner was the only man with a distinctive tattoo on his neck in a photo array used to identify him, the identification was unduly suggestive and violated his constitutional rights. "Unduly suggestive identification procedures violate due process when they create a substantial likelihood of misidentification." *United States v. Hargrove*, 508 F.3d 445, 450 (7th Cir. 2007) (citing *Neil v. Biggers*, 409 U.S. 188, 198 (1972); *United States v. Traeger*, 289 F.3d 461, 473-74 (7th Cir. 2002)). This claim will also be allowed.

Martinez presents at least colorable constitutional issues in his two grounds for relief.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's

3

answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   2nd   day of April, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge